# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

Fill in this information to identify your case:

Debtor 1: **Della Stevens Jackson**
Name: First Middle Last

Debtor 2:
(Spouse, if filing) Name: First Middle Last

Case number (If known): **18-70835**

Check if this is an amended plan ☑
Amends plan dated: **Mar 25, 2019**

# Chapter 13 Plan

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, and administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☑ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☑ The plan sets out nonstandard provision(s) in Part 9.

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

$ **1,650.00**   per **Monthly**   for **45** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2** Regular payments to the trustee will be made from future income in the following manner *(check all that apply):*

☐ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment)

**2.3 Income tax refunds and return.** *Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☑ **Debtor(s) will treat income tax refunds as follows: The non-exempt portion of the Debtor(s) tax refund(s) will be committed to the Plan as Disposable Income as reported on Schedule I.**

☐ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

**2.4 Additional Payment** *(check all that apply):*

☐ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☑ Debtor(s) will make additional payment(s) to the trustee from proceeds of claim(s), cause(s) of action, lawsuit(s), settlement(s), or judgment award(s), as specified below: **ANY ESTATE CAUSES OF ACTION. Non-exempt proceeds of estate causes of action that remain after satisfaction of any and all attorneys' fees and expenses, lien claims, and subrogation claims payable therefrom shall be disbursed in the following sequence: (1) in payment of the percentage fee currently due the Trustee, (2) pro rata to holders of nonpriority unsecured claims not separately classified by the Plan up to 100 percent of the total allowed amount of such claims, (3) in the sequence specified by Part II.A of Administrative Order No. 17-07 , and (4) the balance, if any, to the Debtor(s).**

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment:

**2.5 Adequate Protection Payments**
Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

*The rest of § 3.4 will be effective only if the applicable box in Part 1 of this plan is checked*

☑ **Total avoidance.** Debtor(s) seek to totally avoid the judicial lien(s) or Non-PPM security interest(s) securing the claim(s) listed below because each impairs Debtor(s)' available exemption(s) and the extent of the impairment equals or exceeds the amount of the lien or security interest. Unless otherwise ordered by the court, a judicial lien or Non-PPM security interest securing a claim listed below will be avoided in its entirety (as to the property described) upon entry of the order confirming the plan, and, unless otherwise provided by this plan or otherwise ordered, the creditor's entire claim will be treated as an unsecured claim in Part 5 to the extent allowed. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *(This section should be used if, after deducting the amount(s) of Debtor(s)' available exemption(s) and of any mortgage lien(s) or other unavoided lien(s) and security interest(s) that encumber the subject property, Debtor(s) have no equity in the property. Debtor(s)' schedules contain information regarding the property value(s) and information regarding the mortgage(s) and other lien(s) and security interest(s) that encumber the property.)*

| Name of Creditor | Amount of Lien or Non- PPM Security Interest | Proof of Claim Number (if a claim is filed) | Property Description (For a judicial lien, "the real and personal property of the judgment debtor situated in the count(ies) where the judgment lien is recorded" may be sufficient property description. For a Non-PPM security interest, describe the items pledged as collateral for the claim.) | Lien Identification (For a judicial lien, provide the recording information for the instrument that gave rise to the judicial lien, including the date of the recording, the book and page numbers or instrument number, and the county of the recording office. For a Non-PPM security interest, list the date of the security agreement, the UCC filing number, or other identifying information.) |
|---|---|---|---|---|
| Pro Kleen Inc | $183.42 | n/a | The real and personal property of the judgment debtor situated in the count(ies) where the judgment lien is recorded. | Judgment recorded on 4/24/01 in Book 2001 Page 1150 Tuscaloosa County Alabama |
| Tuscaloosa Credit Union | $3,141.54 | n/a | The real and personal property of the judgment debtor situated in the count(ies) where the judgment lien is recorded. | Judgment recorded on 3/30/17 in Book 2017 Page 1479 Tuscaloosa County Alabama |
| DCH Regional Medical Center | $683.68 | n/a | The real and personal property of the judgment debtor situated in the count(ies) where the judgment lien is recorded. | Judgment recorded on 2/24/00 in Book 2000 Page 630 Tuscaloosa County Alabama |
| Cassandra Odom (no RA) | $1,200.00 | n/a | The real and personal property of the judgment debtor situated in the count(ies) where the judgment lien is recorded. | Judgment recorded on 9/18/06 in Book 2006 Page 2819 Tuscaloosa County Alabama |
| Zephaniah Allen (no RA) | $7,927.51 | POC 7 | The real and personal property of the judgment debtor situated in the count(ies) where the judgment lien is recorded. | Judgment recorded on 8/23/07 in Book 2007 Page 1834 Tuscaloosa County Alabama |

Debtor(s): Della Stevens Jackson   Case number: 18-70835   Eff (01/01/2019)

☐ **Partial avoidance.** Debtor(s) seek to partially avoid the judicial lien(s) or Non-PPM security interest(s) securing the claim(s) listed below because each impairs Debtor(s)' available exemption(s) and the extent of the impairment is less than the amount of the lien or security interest. Unless otherwise ordered, a judicial lien or Non-PPM security interest securing a claim listed below will be avoided to the extent that it impairs such exemption(s) upon entry of the order confirming the plan. The amount of the judicial lien or Non-PPM security interest that is *not* avoided will be paid in full as a secured claim under the plan, as set forth below. Unless otherwise provided by this plan or otherwise ordered, the amount by which the creditor's claim exceeds the amount of the secured claim listed below shall be paid as an unsecured claim in Part 5 to the extent allowed. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *(If more than one lien or security interest is to be partially avoided, a separate chart must be used for each. Insert additional charts in § 3.4 as needed.)*

| Information Regarding Judicial Lien or Non-PPM Security Interest | Calculation of Judicial Lien or Non-PPM Security Interest Avoidance | | Treatment of remaining |
|---|---|---|---|
| **Name of Creditor:** | a. List the value of the *entire* Property: | $ | **Amount of Secured Claim After Avoidance** (line "f") <br> $ |
| **Proof of Claim Number** (if a claim is filed): | b. List the total value of all mortgage lien(s) and other unavoided lien(s) or security interest(s) encumbering the Property: | $ | **Interest rate** (if applicable): <br> 6       % |
| **Lien / Non-PPM Security Interest Identification** (For a judicial lien, provide the recording information for the instrument that gave rise to the judicial lien, including the date of the recording, the book and page numbers or instrument number, and the county of the recording office. For a Non-PPM security interest, list the date of the security agreement, the UCC filing number, or other identifying information.): | c. Subtract line "b" from line "a" (This is referred to as the "Equity".): | $ | **Monthly payment on secured claim** <br> $ |
| | d. If Debtor(s) are the sole owner(s) of the Property, list the entire amount from line "c". If there are additional owner(s), calculate Debtor(s)' share of the Equity (e.g., divide line "c" by the number of owners) and list that amount: | $ | **Monthly fixed payment to begin:** <br> 7   month after Confirmation |
| **Description of Property** (the "Property") (For a judicial lien, "the real and personal property of the judgment debtor situated in the count(ies) where the judgment lien is recorded" may be a sufficient property description. For a Non-PPM security interest, describe the items pledged as collateral for the claim.): | e. List the total amount of all available exemption(s): | $ | ***DO NOT USE THIS CHART FOR JUDICIAL LIENS OR NON-PPM SECURITY INTERESTS THAT DEBTOR(S) SEEK TO AVOID IN THEIR ENTIRETY.*** |
| | f. Subtract line "e" from line "d" (This is the amount of the remaining secured claim.): | $ | |
| | g. Amount of the judicial lien or Non-PPM security interest to be avoided: | $ | |
| | h. Subtract line "f" from line "g" *(This is the portion of the lien or security interest that is avoided.)*: | $ | |

**3.5 Surrender of collateral.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4:   Treatment of Fees and Priority Claims

**4.1 General.**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2 Chapter 13 case filing fee.** *Check one.*

☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.

☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

### 4.3 Attorney's fees.

The total fee requested by Debtor(s)' attorney **is $ 3,675.00**. The amount of the attorney fee paid prepetition is **$ 3,675.00**.

The balance of the fee owed to Debtor(s)' attorney **is $ 0.00**, payable as follows (*check one*):

☐ $ _____ at confirmation and $ _____ **per month thereafter until paid in full, or**

☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

### 4.4 Priority claims other than attorney's fees and domestic support obligations. *Check one.*

☑ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

### 4.5 Domestic support obligations. *Check one.*

☑ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.
Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

### 5.2 Percentage, Base, or Pot Plan. *Check one.*

☑ **100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.**

> This is a 100% case due to the debtor(s)' Disposable Income.

☐ Percentage Plan. This plan proposes to pay _____ % of each allowed nonpriority unsecured claim.

☐ Pot Plan. This plan proposes to pay $ _____, distributed pro rata to holders of allowed nonpriority unsecured claims.

☐ Base Plan. This plan proposes to pay $ _____ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan.

### 5.3 Interest on allowed nonpriority unsecured claims not separately classified. *Check one.*

☑ **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### 5.4 Maintenance of payments and cure of any default on long-term nonpriority unsecured claims. *Check one.*

☐ **None**. *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

☑ Debtor(s) will maintain the contractual installment payments and cure any default in payments on the nonpriority unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. The allowed claim for the arrearage amount will be paid in full and disbursed by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim or amended proof of claim control over any contrary amount listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Current Installment Payment | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|---|---|---|
| | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| +/- | Kentucky Higher Education (KHEAA) | $ 45,298.21 | $ 150.00<br>Disbursed by: Debtor(s)<br>To Begin:<br>September 1, 2018 | $ 0.00 | 0 | $ 0.00 | ☐ month after confirmation |
| +/- | MOHELA/Department of Education SL | $ 185,811.59 | $ 0.00<br>Disbursed by: Debtor(s)<br>To Begin:<br>*IN DEFERMENT* | $ 0.00 | 0 | $ 0.00 | ☐ month after confirmation |

**5.5 Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2** The executory contracts and unexpired leases listed below are rejected: *check one*

☑ None: *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

## Part 7:

### Sequence of Payments

**7.1** Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

## Part 8:

### Vesting of Property of Estate

**8.1 Property of the estate will vest in Debtor(s)** *(check one):*

☐ Upon plan confirmation.

☑ **Upon entry of Discharge.**

## Part 9:

### Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

Nonstandard provisions are required to be set forth below. Nonstandard provisions set out elsewhere in this plan are ineffective. A nonstandard provision is a provision not otherwise included in this district's Local Form or deviating from it.

***These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ **Debtor (i) will pay all pre and post-petition electric service charges in lieu of posting a deposit under 11 U.S.C. § 366 and (ii) acknowledges that 11 U.S.C. § 362 will not prohibit collection of these debts by APCO.**

As of the petition date, the payoff to Wells Fargo Bank, N.A. for that certain mortgage that matured June 1, 2014 is $165,229.39 (See POC 004). For Plan purposes, Wells Fargo Bank, N.A. consents to a reduction in the contractual interest rate to an annual percentage rate of 6.00 %. The Plan term has been amended to 45 months; with Wells Fargo receiving interest over 43 months. $165,229.39 amortized at 6.00% over 43 months yields a future value of $184,038.68, of which $18,809.28 constitutes interest and $165,229.39 constitutes principal. By agreement, Wells Fargo will receive $54,760.00 through the Plan ($50,000 amortized at 6.00% interest over 36 months = $54,760.00). Assuming the Debtor makes all required payments, the payoff to Wells Fargo as of December 1, 2021 shall be $129,278.68 (Future value of $184,038.68 - total payments of $54,760.00) or (Payoff of $165,229.39 less principal reduction of $35,950.72 ($54,760.00 less interest of $18,809.28 = $35,950.72). Effective November of 2018, Debtor's monthly Plan payments shall be $1,500.00. Debtor shall maintain home-owner's insurance and property taxes separately. In addition to the $4,480.00 plan payments remitted to the Trustee by Debtor since the petition date through October of 2018, commencing November of 2018, the Debtor shall remit $1,500.00 per month for an additional 40 months for total plan payments of $61,480.00 ($1,500 X 40 = $60,000.00 + $4,480.00 = $64,480.00). $64,480.00 less the Trustee's 9% fee of $5,803.20 = 58,676.80 less the filing fee of $310.00 = $58,450.80; of which Wells Fargo shall receive $54,760.00 and the balance of $3,690.80 shall be sufficient to pay in full Proof of Claims 005 and 006. (This Plan has been amended to a 100% case based on the Debtor's Disposable Income). Debtor shall exercise her best efforts to refinance the home during the course of the next 36 months. No later than December 1, 2021, Debtor shall pay the balance of the indebtedness owed to Wells Fargo in full through loan proceeds or the sale of Wells Fargo's collateral. Wells Fargo Bank, N.A. shall be entitled to In Rem relief should the Debtor fail to satisfy the outstanding balance of the indebtedness owed to Wells Fargo by December 1, 2021, and Debtor agrees to surrender the realty to Creditor. Should Debtor fail to make a post-confirmation payment by the last business day of any given month, Wells Fargo Bank, N.A. shall file a Notice of Default with the Court and in writing to Debtor and Debtor's counsel with a 20 - day right to cure from the date said Notice is filed with the Court. Should Debtor fail to timely cure the default, Wells Fargo Bank, N.A. shall be entitled to In Rem relief from the automatic stay and shall file a Termination Notice with the Court.
**FURTHER CLARIFIED BY CREDITOR'S RESPONSE. DOC. 65.**

Debtor(s): Della Stevens Jackson  Case number: 18-70835  Eff (01/01/2019)

## Part 10: Signatures

**Signature(s) of Debtor(s)** (*required*):

x /s/ *Della Stevens Jackson*  Date April 10, 2019

x /s/  Date

**Signature of Attorney for Debtor(s):** x *Marshall A. Entelisano*  Date 4/10/19

Name/Address/Telephone/Attorney for Debtor(s):

Marshall A. Entelisano, P.C.
Marshall A. Entelisano (ENT001)
701 22nd Avenue, Suite 2
Tuscaloosa, Al. 35401
205-752-1202 Telephone
205-752-1203 Facsimile
205-722-0581 Direct Dial
205-292-0161 Cellular
marshall@marshall-lawfirm.com

By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.

## IN THE UNITED STATES BANKRUPTCY COURT
### Northern District of Alabama
### WESTERN DIVISION

In the Matter of: §
§ Case No. 18-70835
Della Stevens Jackson §
§ Chapter 13
Debtor(s) §

## CERTIFICATE OF SERVICE

This is to certify that on April 11, 2019 I have served a copy of the following:

- ☒ Chapter 13 Plan dated 4-10-19
- ☒ Confirmation Hearing is scheduled for 5/7/19 at 1:30 p.m. located at 2005 University Blvd., Room 2600, Tuscaloosa, AL 35401
- ☐ Order setting an objection deadline

on the parties listed on the attached Matrix by depositing a copy of the same in the United States Mail, postage prepaid and properly addressed, or if the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" as set forth below pursuant to FRBP 9036 in accordance with Paragraph II.B.4 of the Court's Administrative Procedures.

The Standing Chapter 13 Trustee, C. David Cottingham, and the Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama, J. Thomas Corbett, and the Assistant Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama, Western Division, Rachel Webber, have standing and are registered participants in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, and service thereon has been made by a "Notice of Electronic Filing" as set forth below pursuant to FRBP 9036 in accordance with Paragraph II.B.4 of the Court's Administrative Procedures.

*Marshall A. Entelisano*

Marshall A. Entelisano, P.C.
Marshall A. Entelisano (ENT001)
701 22nd Avenue, Suite 2
Tuscaloosa, AL 35401
205-752-1202 Telephone
205-752-1203 Facsimile
marshall@marshall-lawfirm.com

Label Matrix for local noticing
1126-7
Case 18-70835-JHH13
NORTHERN DISTRICT OF ALABAMA
Tuscaloosa
Thu Apr 11 14:08:54 CDT 2019

U. S. Bankruptcy Court
2005 University Blvd., Room 2300
Tuscaloosa, AL 35401-1546

ARS/Account Resolution Specialist
Po Box 459079
Sunrise, FL 33345-9079

Alabama Credit Union
c/o Mark C. Nelson
P.O. Box 1788
Tuscaloosa, AL 35403-1788

Alabama Power
915 Queen City Avenue
Tuscaloosa, AL 35401-2344

Alabama Power
Credit and Collections
600 18th Street N
Birmingham, AL 35203-2206

Alabama Power
Glenn J. Shaull, Registered Agent
600 18th Street N
Birmingham, AL 35203-2206

AmSher Collection Srv
4524 Southlake Parkway
Ste 15
Hoover, AL 35244-3271

American Family Care
1735 Skyland Blvd. E
Tuscaloosa, AL 35405-4235

Axcess Financial
7755 Montogomery Rd
Suite 400
Cincinnati, OH 45236-4197

Balch & Bingham LLP
Eric Ray, Attorney for Alabama Power
1901 Sixth Avenue N Ste 1500
Birmingham, AL 35203-4642

Blue Cross Blue Shield of Alabama
450 Riverchase Parkway E
Subrogation Dept.
Birmingham, AL 35244-2858

Brian Donald Turner
Attorney for ProKleen Inc
1426 22nd ave
Tuscaloosa, AL 35401-2940

CSC Credit Services
Box 740040
Atlanta, GA 30374-0040

Cassandra Odom
506 Coppinville Rd
Enterprise, Al 36330-4208

Check 'N Go
2509 McFarland Blvd.
Northport, AL 35476-2937

Chex Systems Inc.
Attn: Consumer Relations
7805 Hudson Road, Suite 100
Saint Paul, MN 55125-1703

Chris Jones
Registered Agent for DCH
809 University Blvd
Tuscaloosa, AL 35401-2029

DCH Health System
809 University BLVD. E.
Tuscaloosa, AL 35401-2029

Druid City Hospitals
809 University Blvd E
Tuscaloosa AL 35401-2071

EQUIFAX
Post Office Box 740241
Attn: Legal Department
Atlanta, GA 30374-0241

EXPERIAN
P O Box 9556
Allen, TX 75013

Franklin Collection Service, Inc.
Attn: Bankruptcy
Po Box 3910
Tupelo, MS 38803-3910

Gregory Jackson
349 51st Street
Tuscaloosa, AL 35405-4004

Holloway Credit Solutions
Po Box 6441
Dothan, AL 36302-6441

KHEAA
P.O. BOX 798
FRANKFORT KY 40602-0798

KHESLC
Attn: Bankruptcy
Po Box 24328
Louisville, KY 40224-0328

Kendall Speed
Chief Executive Officer
Mutual Savings Credit Union
2040 Valleydale Rd
Birmingham, Al 35244-2006

Mark E. Hughes
Registered Agent for ProKleen Inc
14667 Watermelon Road
Tuscaloosa, AL 35406-8755

Mark Scogin
PO Box 2786
Tuscaloosa, AL 35403-2786

Mark a Nelson
2216 14th St
Tuscaloosa, AL 35401-2928

Mohela/Dept of Ed
633 Spirit Dr
Chesterfield, MO 63005-1243

Paragon Contracting Serv Inc.
PO Box 12907
Norfolk, VA 23541-0907

Pro-Kleen, Inc.
14667 Watermelon Rd.
Tuscaloosa, AL 35406-8755

RHODES AND RHODES FAMILY DENTISTRY
c/o HOLLOWAY CREDIT SOLUTIONS
PO BOX 230609
MONTGOMERY, AL 36123-0609

Rachel Webber
Office of Bankruptcy Administrator
2005 University Blvd Room 1300
Tuscaloosa, AL 35401-1526

Real Time Resolutions
Attn: Bankruptcy
Po Box 36655
Dallas, TX 75235-1655

Sirote & Permutt
P. O. Box 55727
Birmingham, AL 35255-5727

Southern Company
30 Ivan Allen Jr. Blvd NW
Atlanta, GA 30308-3008

Stephen Leara Attorney for Blue Cross
800 Shades Creek Pkwy Ste 400
Birmingham, AL 35209-4518

Stillman College Federal CU
P. O. Box 1430
Tuscaloosa, AL 35403-1430

TOMMY COBB
President/CEO Tuscaloosa CU
1100 21st ave
Tuscaloosa, AL 35401-2932

TRANSUNION, LLC
Post Office Box 1000
Attn: Legal Department
Chester, PA 19016-1000

(c)THOMAS CORBETT
US BANKRUPTCY ADMINISTRATOR
505 20TH ST N STE 1
BIRMINGHAM AL 35203-2110

Tuscaloosa Credit Un
11002 21st Ave
Tuscaloosa, AL 35403

Tuscaloosa Credit Unio
1100 21st Ave
Tuscaloosa, AL 35401-2932

Tuscaloosa Credit Union
1100 21st Avenue
Tuscaloosa, AL 35401-2932

Wells Fargo Bank, N.A.
Default Document Processing
1000 Blue Gentian Road
Eagan, MN 55121-7700

Wells Fargo Bank, N.A.
Default Document Processing
N9286-01Y,
1000 Blue Gentian Road
Eagan, MN 55121-7700

Wells Fargo Bank, NA
3467 Stateview Blvd.
Fort Mill, SC 29715

Wells Fargo Home Mortgage
PO Box 10335
Des Moines, IA 50306-0335

Zaphaniah N. Allen
c/o Bruce Burttram, Attorney for Plantif
3414 Old Columbiana Rd
Birmingham, AL 35226-3339

Zephaniah N. Allen
617 Wisteria Way
Gardendale, AL 35071-3677

C David Cottingham
Chapter 13 Standing Trustee
701 22nd Avenue, Suite 4
P O Drawer 020588
Tuscaloosa, AL 35402-0588

Della Stevens Jackson
349 51st St.
Tuscaloosa, AL 35405-4004

Gregory G. Jackson
349 51st Street
Tuscaloosa, AL 35405-4004

Marshall Entelisano
701 22nd Avenue
Suite 2
Tuscaloosa, AL 35401-1857

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Thomas Corbett
US Bankruptcy Administrator
1800 5th Ave N
Birmingham, AL 35203

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Wells Fargo Bank, N.A.

End of Label Matrix
Mailable recipients    56
Bypassed recipients     1
Total                  57